UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 11968 MEL

GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK,
Plaintiff

VS.

KELLAWAY WAREHOUSE SERVICES,
MANCHESTER MOTOR FREIGHT,
CONSOLIDATED RAIL CORP., and
ROUND THE WORLD LOGISTICS,
Defendants

## ANSWER OF DEFENDANT MANCHESTER MOTOR FREIGHT TO PLAINTIFF'S COMPLAINT AND DEFENDANT'S CROSSCLAIMS AGAINST CO-DEFENDANTS

### ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the defendant, Manchester Motor Freight, and hereby answers each and every allegation contained in the plaintiff's Complaint as follows:

1. The defendant is without sufficient information to either admit or deny the allegations contained in paragraph 1 of the plaintiff's Complaint.

2. The defendant is without sufficient information to either admit or deny the allegations contained in paragraph 2 of the plaintiff's Complaint.

3. The defendant is without sufficient information to either admit or deny the allegations contained in paragraph 3 of the plaintiff's Complaint.

4. The defendant admits that it is a duly organized business with a usual place of business in Manchester, New Hampshire.

5. The defendant is without sufficient information to either admit or deny the allegations contained in paragraph 5 of the plaintiff's Complaint.

6. The defendant declines to respond to the allegations contained in paragraph 6 of the plaintiff's Complaint insofar as said allegations contain legal conclusions.

7. The defendant is without sufficient information to either admit or deny the allegations contained in paragraph 7 of the plaintiff's Complaint.

8. The defendant is without sufficient information to either admit or deny the allegations contained in paragraph 8 of the plaintiff's Complaint.

9. The defendant is without sufficient information to either admit or deny the allegations contained in paragraph 9 of the plaintiff's Complaint.

## COUNT ONE

10. The defendant denies the allegations contained in paragraph 10 of the plaintiff's Complaint insofar as said allegations are directed at the defendant. The defendant declines to respond to the allegations contained in paragraph 10 of the plaintiff's Complaint to the extent that said allegations are directed at the co-defendants.

11. The defendant denies the allegations contained in paragraph 11 of the plaintiff's Complaint insofar as said allegations are directed at the defendant. The defendant declines to respond to the allegations contained in paragraph 11 of the plaintiff's Complaint to the extent that said allegations are directed at the co-defendants.

## AFFIRMATIVE DEFENSES

### First affirmative defense
And further answering, the defendant states that the plaintiff was negligent, that the negligence of the plaintiff equaled or exceeded any negligence of the defendant, and therefore the plaintiff may not recover.

### Second affirmative defense
And further answering, the defendants states that if the plaintiff sustained damages, which the defendant denies, said damages were caused by a party or parties over whom the defendant had no control.

### Third affirmative defense
And further answering, the defendant states that the plaintiff's Complaint is barred due to insufficiency of service of process.

### Fourth affirmative defense
And further answering, the defendant states that the plaintiff's Complaint is barred due to the plaintiff's failure to give timely notice to the defendant.

### Fifth affirmative defense
And further answering, the defendant denies that it is liable or indebted to the plaintiff in any way or manner.

<u>Sixth affirmative defense</u>
And further answering, the defendant states that the plaintiff's Complaint is barred by the applicable statute of limitations.

<u>Seventh affirmative defense</u>
And further answering, the defendant states that the plaintiff's Complaint fails to state a claim for which relief may be granted.

<u>Eighth affirmative defense</u>
And further answering, the defendant states that the Court lacks personal and subject matter jurisdiction and that venue is improper, and therefore requests that the plaintiff's Complaint be dismissed.

<u>Ninth affirmative defense</u>
And further answering, the defendant states that the plaintiff misnamed the defendant and is therefore not entitled to recover.

<u>Tenth affirmative defense</u>
And further answering, the defendant states that the plaintiff is obligated to submit this action to the appropriate Arbitration Forum, and that due to the improperly filed litigation the defendant is entitled to reimbursement of costs and attorneys fees generated by the removal of this case to Arbitration.

WHEREFORE, the defendant demands that the plaintiff's Complaint be dismissed and that it be awarded its costs and expenses.

## **DEFENDANT MANCHESTER MOTOR FREIGHT'S CROSSCLAIMS AGAINST CO-DEFENDANTS KELLAWAY WAREHOUSE SERVICES, CONSOLIDATED RAIL CORP. AND ROUND THE WORLD LOGISTICS**

Now comes the defendant, Manchester Motor Freight ("Manchester"), and hereby crossclaims against the co-defendants, Kellaway Warehouse Services ("Kellaway"), Consolidated Rail Corp. ("Consolidated") and Round the World Logistics ("Round the World"), alleging as follows:

### **COUNT ONE**

1. If the plaintiff sustained damages as alleged, which the defendant Manchester denies, then said damages were the direct and proximate result of the negligence of the co-defendant Kellaway.

2. Under the laws of this Commonwealth, including but not limited to G.L. c. 231B, the defendant is entitled to contribution from the co-defendant Kellaway.

Wherefore, the defendant Manchester demands judgment on its crossclaim against the co-defendant Kellaway in the amount of any judgment which the plaintiff might recover against it or an equitable share thereof, plus interest, costs and attorney's fees.

## COUNT TWO

1. If the plaintiff sustained damages as alleged, which the defendant Manchester denies, then said damages were the direct and proximate result of the negligence of the co-defendant Consolidated.

2. Under the laws of this Commonwealth, including but not limited to G.L. c. 231B, the defendant is entitled to contribution from the co-defendant Consolidated.

Wherefore, the defendant Manchester demands judgment on its crossclaim against the co-defendant Consolidated in the amount of any judgment which the plaintiff might recover against it or an equitable share thereof, plus interest, costs and attorney's fees.

## COUNT THREE

1. If the plaintiff sustained damages as alleged, which the defendant Manchester denies, then said damages were the direct and proximate result of the negligence of the co-defendant Round the World.

2. Under the laws of this Commonwealth, including but not limited to G.L. c. 231B, the defendant is entitled to contribution from the co-defendant Round the World.

Wherefore, the defendant Manchester demands judgment on its crossclaim against the co-defendant Round the World in the amount of any judgment which the plaintiff might recover against it or an equitable share thereof, plus interest, costs and attorney's fees.

THE DEFENDANT HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail (by hand) by telecopier) 2/8/05

Dated: 2/8/05

By attorney for defendant
Manchester Motor Freight,

Christopher J. O'Rourke
BBO# 546091
Law Office of Christopher J. O'Rourke
888 Worcester Street, Suite 260
Wellesley, MA 02482
(781) 235-8022