UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>KELLAWAY WAREHOUSE SERVICES, MANCHESTER MOTOR FREIGHT, CONSOLIDATED RAIL CORPORATION, and ROUND THE WORLD LOGISTICS,<br><br>　　　　　　　　Defendants. | CIVIL ACTION NO.<br><br>04-11968 (MEL)<br><br><br>**ANSWER OF THE DEFENDANT,<br>ROUND THE WORLD LOGISTICS.** |

Defendant, ROUND THE WORLD LOGISTICS (hereinafter "Round the World") answers the Plaintiff's, GREAT AMERICAN INSURANCE COMPANY OF NEW YORK (hereinafter referred to as "Plaintiff"), Complaint 04 CV 11968 as follows:

1. The Defendant, Round the World, denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "1" of Plaintiff's Complaint.

2. The Defendant, Round the World, admits the allegations contained in Paragraph "2" of Plaintiff's Complaint.

3. The Defendant, Round the World, denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "3" of Plaintiff's Complaint.

4. The Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "4" of Plaintiff's Complaint.

5. The Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "5" of Plaintiff's Complaint.

6. The Defendant admits the allegations contained in Paragraph "6" of Plaintiff's Complaint.

7. The Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "7" of Plaintiff's Complaint.

8. The Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "8" of Plaintiff's Complaint.

9. The Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "9" of Plaintiff's Complaint.

10. The Defendant denies the allegations with respect to Defendant Round the World contained in Paragraph "10" of Plaintiff's Complaint; except as so denied, denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph "10" of Plaintiff's Complaint.

11. The Defendant denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "11" of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The shipments in question were to be carried from a foreign port to a United States port pursuant to a bill of lading contract and were therefore subject to the United States Carriage of Goods by Sea Act 46 U.S.C. (App.) 1300 et. seq.

Defendant, ROUND THE WORLD, claims the benefit of all exceptions, exemptions and limitations contained in the aforesaid statute or bill of lading contract to the full extent as may be applicable.

### SECOND AFFIRMATIVE DEFENSE

Defendant, ROUND THE WORLD, claims the benefit of the Harter Act, the provisions of General Maritime law, applicable foreign law and all vessel limitation of liability statutes to the full extent they may be applicable to it.

### THIRD AFFIRMATIVE DEFENSE

That if the goods in suit were damaged, which is denied, Defendant, ROUND THE WORLD, is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2) (c) and (d), which is contained in the ROUND THE WORLD bill of lading, and by the terms of the contract of carriage.

### FOURTH AFFIRMATIVE DEFENSE

That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act of omission of the shipper, for which ROUND THE WORLD is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304 (2)(i), and by the terms of the contract of carriage.

## FIFTH AFFIRMATIVE DEFENSE

Due diligence was exercised to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation.

## SIXTH AFFIRMATIVE DEFENSE

That if the goods in suit were damaged and/or lost, which Defendant, ROUND THE WORLD, denies, said damage and/or loss was proximately caused by insufficiency of packaging or inadequacy of marks, for which ROUND THE WORLD is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §§1304(2)(o) and (n), and by the terms of the contract of carriage.

## SEVENTH AFFIRMATIVE DEFENSE

That if the goods in suit were damaged and/or lost, which ROUND THE WORLD denies, said damage and/or loss was proximately caused by inherent vice, defect or quality of the goods in suit, for which ROUND THE WORLD is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(m) and by the terms of the contract of carriage.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly and fully mitigate its damages in its Complaint.

## NINTH AFFIRMATIVE DEFENSE

That if the goods in suit were damaged and/or lost, which ROUND THE WORLD denies, said damage and/or loss was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

### TENTH AFFIRMATIVE DEFENSE

That if Plaintiff's cargo suffered any loss or damage, which ROUND THE WORLD denies, then said loss or damage resulted from a cause arising without the actual fault and privity of ROUND THE WORLD and ROUND THE WORLD is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(q).

### ELEVENTH AFFIRMATIVE DEFENSE

That Plaintiff failed to state a cause of action in its Complaint against ROUND THE WORLD.

### TWELFTH AFFIRMATIVE DEFENSE

The maximum liability of Defendant ROUND THE WORLD, if any, is $500 per package as agreed to in the provisions of the bill of lading and under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. §1304(5).

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has given improper notice of the alleged loss or damage pursuant to the Carriage of Goods by Sea Act, §1303(6), and this is prima facie evidence of delivery of the goods as described in the said bill of lading.

### FOURTEENTH AFFIRMATIVE DEFENSE

ROUND THE WORLD should be discharged from all liability in respect of loss or damage because the present action was not brought within one year after delivery of the goods or the date when the goods should have been delivered, pursuant to the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. §1303(6), and by the terms of the contract of carriage.

## FIFTEENTH AFFIRMATIVE DEFENSE

That if the goods in suit were damaged and/or lost, which ROUND THE WORLD denies, the damage and/or loss was proximately caused by Plaintiff's failure to properly give written notice of the true character and value on the bill of lading, and ROUND THE WORLD is not liable for said damage and/or loss under the Carriage of Goods by Sea, 46 U.S.C. §181, and by the terms of the contract of carriage.

WHEREFORE, Defendant ROUND THE WORLD S.A., respectfully requests that Plaintiff's Complaint brought against it be dismissed and that the Court may grant such other or further relief as may be just and proper.

Defendant,
Round the World Logistics,
By Its Attorneys,

Dated: March 24, 2005.

_/s/ Mark C. Gildea_
Mark C. Gildea        BBO# 551127
CLARK, BALBONI & GILDEA, LLP
126 Belmont Street
Brockton, Massachusetts 02301
Tel. 508.586.1411

_/s/ Irene Zanetos_
Irene Zanetos, Esq.
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006
Tel. 212.344.7042

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I this day served a complete copy of Answer of the Defendant, Round The World Logistics, by regular U.S. mail to the following attorneys and at the following addresses:

Seth S. Holbrook, Esq.
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston Massachusetts 02110
Attorneys for Plaintiff

David Farrell, Esq.
P.O. Box 186
South Chatham, Massachusetts 02659

Christopher J. O'Rourke. Esq.
888 Worcester Street, Suite 260
Wellesley, Massachusetts 02482

Dated: March 24, 2005.

_____
Mark C. Gildea